| PROB 12C (Rev. 08/18) | **AMENDED VIOLATION REPORT**<br>**PART 1:  PETITION FOR WARRANT** | **U. S. Probation Office**<br>Eastern District of Michigan | PACTS<br>5034613 | DATE<br>11/01/2024 |
|---|---|---|---|---|
| **NAME**<br>SHARP, James Glenn | | **OFFICER**<br>Chelsea L. Harris | **JUDGE**<br>Sean F. Cox | **DOCKET #**<br>18-CR-20075-02 |

| ORIGINAL SENTENCE DATE<br>06/21/2019<br><br>COMMENCED<br>02/02/2024<br><br>EXPIRATION<br>02/01/2027 | SUPERVISION TYPE<br>Supervised Release | CRIMINAL HISTORY CATEGORY<br>VI | TOTAL OFFENSE LEVEL<br>13 | PHOTO<br> |
|---|---|---|---|---|
| **ASST. U.S. ATTORNEY**<br>Hank Moon | | **DEFENSE ATTORNEY**<br>To Be Determined | | |

| REPORT PURPOSE |
|---|
| **TO AMEND THE ORIGINAL PETITION FILED ON JULY 23, 2024**<br>**(Please note all new information is underlined.)** |

| ORIGINAL OFFENSE |
|---|
| Count 1:  21 U.S.C. § 846, Conspiracy to Distribute and to Possess with Intent to Distribute Controlled Substances (fentanyl and heroin) |

**SENTENCE DISPOSITION**

Custody of the Bureau of Prisons for a term of 41 months, consecutive to the undischarged terms of MDOC imprisonment under Docket Numbers 08-036849-FH, 11-000248-FH and 18-002551-01-FH, to be followed by a three-year term of supervised release.

Amended Sentence:  07/01/2019, Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36), the condition for full-time employment was amended as follows:  " The defendant shall be lawfully and gainfully employed on a full-time basis. "Full-time" is defined as 40 hours per week." All other conditions of the original judgment remain in full force and effect.

Modification:  06/26/2024, "You must reside in a Residential Reentry Center (RRC) for up to 180 days. You must follow the rules and regulations of the center. Subsistence is waived. While at the RRC, you shall be allowed to earn social time, if you are in compliance with all facility criteria and probationary standards."

**ORIGINAL SPECIAL CONDITIONS**

1. The defendant shall participate in a program approved by the probation department for substance abuse, which may include testing to determine if the defendant has reverted to the use of drugs or alcohol, if necessary.

| PROB 12C (Rev. 08/18) | **AMENDED VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 5034613 | DATE 11/01/2024 |
|---|---|---|---|---|
| **NAME** SHARP, James Glenn | | **OFFICER** Chelsea L. Harris | **JUDGE** Sean F. Cox | **DOCKET #** 18-CR-20075-02 |

2. The defendant shall not use or possess alcohol in any consumable form, nor shall the defendant be in the social company of any person whom the defendant knows to be in possession of alcohol or illegal drugs or frequent an establishment where alcohol is served for consumption on the premises, with the exception of restaurants.
3. The defendant shall be lawfully and gainfully employed on a full-time basis, or shall be seeking such lawful, gainful employment on a full-time basis. "Full-time" is defined as 40 hours per week. In the event that the defendant has part-time employment, he/she shall devote the balance of such 40 hours per week to his/her efforts of seeking additional employment.
4. The defendant shall submit her person, residence, office, vehicle(s), papers, business or place of employment, and any property under her control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner based upon a reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

Criminal Monetary Penalty: Special Assessment $100.00 (paid).

The probation officer believes that the offender has violated the following condition(s) of Supervised Release:

| VIOLATION NUMBER | NATURE OF NONCOMPLIANCE |
|---|---|
| 1 | **Violation of Mandatory Condition No. 1:** "YOU MUST NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME." <br><br> On May 14, 2024, this writer received a phone call from a Washtenaw County Sheriff's Office deputy who advised that SHARP has been identified as a suspect in two different incidents. He stated that on or about April 27, 2024, in Ypsilanti Twp., SHARP as well as another individual, identified as Erich Allen Kuhns, had allegedly stolen two jet skis as well as a flat-bed trailer from a carport located in an apartment complex. Surveillance captured SHARP's registered vehicle on camera, as well as a second vehicle with an identifiable license plate. The registered owner of the second vehicle informed the police that she had loaned her car to SHARP and a friend that day. Surveillance footage reflected the pair of jet skis being towed away on the back of SHARP's registered vehicle. <br><br> Then, on or about May 14, 2024, SHARP and Erich Allen Kuhns were observed by police in a U-Haul truck, which was rented under SHARP's name, casing a Rhode Construction site in Scio Twp., around 4:00am. Police stopped the U-Haul truck and met with SHARP and Kuhns, who were inside of the vehicle. They claimed they had just picked up a generator for Kuhns' father. However, police observed the construction company logo stamped onto the generator, which had a value of $5,000.00, in the back of the U-Haul, along with a black ski mask and burglary tools. Kuhns and SHARP were separated and detained. Police questioned both suspects, at which time Kuhns admitted to police that he and SHARP stole the generator. SHARP did not admit to any |

| PROB 12C (Rev. 08/18) | **AMENDED VIOLATION REPORT** **PART 1:  PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 5034613 | DATE 11/01/2024 |
|---|---|---|---|---|
| **NAME** SHARP, James Glenn | | **OFFICER** Chelsea L. Harris | **JUDGE** Sean F. Cox | **DOCKET #** 18-CR-20075-02 |

|   |   |
|---|---|
|   | wrongdoing. This writer confirmed with police that the reports have been submitted to the Washtenaw County Prosecutor's Office for review, and that local state charges will be forthcoming. |
| 2 | **Violation of Mandatory Condition No. 1:** "YOU MUST NOT COMMIT ANOTHER FEDERAL, STATE OR LOCAL CRIME." |
|   | On October 29, 2024, officers from the Van Buren Township (Michigan) Police Department, Michigan, received a "Flock Hit" for a stolen vehicle on Belleville Road near the I-94 Service Drive.  According to the police report, dispatch confirmed the "Flock Hit" and advised that the vehicle, bearing license plate EGP8156, had been stolen out of Washtenaw County (Michigan) on October 21, 2024.  Officers observed the unoccupied vehicle parked in a Speedway parking lot next to a fuel pump and set up a perimeter in order to maintain a visual on the vehicle.  A short time later, officers observed a white male exit the Speedway, get into the driver's seat of the stolen vehicle, and drive over to the tire pump of the gas station.  The male exited the vehicle, and at that time, officers gave him commands to put his hands up and to turn around.  He was subsequently handcuffed and detained.  The male was identified as JAMES SHARP.  Officers then searched the vehicle and in the center console cup holder, they located a small baggie that contained a powdery substance consistent with cocaine (later determined to be 1.4 grams), and a small container that contained a rock consistent with crack cocaine (later determined to be 1.2 grams). SHARP was transported to the police station and booked without incident. |
|   | SHARP has been charged in the 34th District Court, Romulus, Michigan, with Ct. 1: Stolen Property- Receiving and Concealing- Motor Vehicle (a felony); and Ct. 2: Cont. Subs- Possession (Narcotic or Cocaine) Less Than 25 Grams (a felony).  Both charges are under Docket No. 24-0960.  SHARP was arraigned on both offenses on October 30, 2024, and a $10,000.00 person bond was set.  He is scheduled for a Probable Cause Conference on November 13, 2024.  Further, on October 30, 2024, SHARP posted bond in this case and was ultimately transferred to federal custody. |
| 3 | **Violation of Mandatory Condition No. 2**:  "YOU MUST NOT UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE." |
|   | Based upon the information in Violation No. 2, SHARP was in possession of cocaine and crack cocaine, all together totaling approximately 2.6 grams. |
| 4 | **Violation of Mandatory Condition No. 3:** "YOU MUST REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE. YOU MUST SUBMIT TO ONE DRUG TEST WITHIN 15 DAYS OF RELEASE FROM IMPRISONMENT AND AT LEAST TWO PERIODIC DRUG TESTS THEREAFTER, AS DETERMINED BY THE COURT." |
|   | On June 6, 2024, SHARP submitted to a urinalysis at the probation office and the preliminary results were positive for cocaine, methamphetamines, amphetamines, fentanyl, and |

| PROB 12C (Rev. 08/18) | **AMENDED VIOLATION REPORT**<br>**PART 1:  PETITION FOR WARRANT** | **U. S. Probation Office**<br>Eastern District of Michigan | PACTS<br>5034613 | DATE<br>11/01/2024 |
|---|---|---|---|---|
| **NAME**<br>SHARP, James Glenn | **OFFICER**<br>Chelsea L. Harris | **JUDGE**<br>Sean F. Cox | | **DOCKET #**<br>18-CR-20075-02 |

buprenorphine.  He initially denied all use of drugs, but later maintained that a female had "put an unknown pill into his mouth when she had kissed him".  The sample was sent to the national laboratory for confirmation testing, which returned as positive for amphetamines, methamphetamines, buprenorphine, norbuprenorphine, cocaine, and norfentanyl.

On June 11, 2024, a home visit was conducted at SHARP's temporary residence, and he submitted to another urinalysis.  The preliminary results were positive for amphetamines, buprenorphine, cocaine, and fentanyl.  SHARP maintained this was not due to new use, but rather that it was "still in his system from his previous drug test".

<u>On October 31, 2024, a urinalysis was collected from SHARP while he was in the United States Marshals Service custody, and the preliminary results were positive for Fentanyl and cocaine.  SHARP admitted to the use of cocaine.  The sample was sent to the national laboratory for confirmation testing and as of the date of this writing, the results are still pending</u>.

| 5 | **Violation of Standard Condition No. 4:** "YOU MUST ANSWER TRUTHFULLY THE QUESTIONS ASKED BY YOUR PROBATION OFFICER." |
|---|---|

On June 6, 2024, SHARP reported for an office visit and informed this writer that he would be negative for all controlled substances.  However, he tested positive for numerous narcotics, as listed in Violation No. 2. SHARP maintained that his positive test was solely due to a female placing an unknown pill into his mouth.  This writer also asked SHARP about having any recent police contact whatsoever, to which he alleged that he had not. SHARP was then confronted about the incident on May 14, 2024, where he was stopped, detained, and questioned by police, and SHARP stated he "forgot" about that.

| 6 | **Violation of Standard Condition No. 5:** "YOU MUST LIVE AT A PLACE APPROVED BY THE PROBATION OFFICER.  IF YOU PLAN TO CHANGE WHERE YOU LIVE OR ANYTHING ABOUT YOUR LIVING ARRANGEMENTS (SUCH AS THE PEOPLE YOU LIVE WITH), YOU MUST NOTIFY THE PROBATION OFFICER AT LEAST 10 DAYS BEFORE THE CHANGE.  IF NOTIFYING THE PROBATION OFFICER IN ADVANCE IS NOT POSSIBLE DUE TO UNANTICIPATED CIRCUMSTANCES, YOU MUST NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF BECOMING AWRAE OF A CHANGE OR EXPECTED CHANGE." |
|---|---|

On June 6, 2024, SHARP informed this writer that his roommate was being evicted from his current address of 6123 Glenis Street, Taylor (Michigan), and he therefore had to move out of the residence.  He later reported to this writer that he could temporarily reside with a family friend at 7765 4th Street, Dexter (Michigan).  A home visit was conducted at that residence on June 11, 2024.  On July 9, 2024, this writer received a phone call from the owner of that residence, who reported that SHARP had not been there in several weeks and had left her residence a few days

| PROB 12C (Rev. 08/18) | **AMENDED VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 5034613 | DATE 11/01/2024 |
|---|---|---|---|---|
| **NAME** SHARP, James Glenn | **OFFICER** Chelsea L. Harris | **JUDGE** Sean F. Cox | | **DOCKET #** 18-CR-20075-02 |

after the home visit was conducted there. SHARP has failed to report any change of address or information regarding his whereabouts.

**7**      **Violation of Standard Condition No. 7:** "YOU MUST WORK FULL-TIME (AT LEAST 30 PER WEEK) AT A LAWFUL TYPE OF EMPLOYMENT, UNLESS THE PROBATION OFFICER EXCUSES YOU FROM DOING SO. IF YOU DO NOT HAVE FULL-TIME EMPLOYMENT YOU MUST TRY TO FIND FULL-TIME EMPLOYMENT, UNLESS THE PROBATION OFFICER EXCUSES YOU FROM DOING SO. IF YOU PLAN TO CHANGE WHERE YOU WORK OR ANYTHING ABOUT YOUR WORK (SUCH AS YOUR POSITION OR JOB RESPONSIBILITIES), YOU MUST NOTIFY THE PROBATION OFFICER AT LEAST 10 DAYS BEFORE THE CHANGE. IF NOTIFYING THE PROBATION OFFICER AT LEAST 10 DAYS IN ADVANCE IS NOT POSSIBLE DUE TO UNANTICIPATED CIRCUMSTANCES, YOU MUST NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF BECOMING AWARE OF A CHANGE OR EXPECTED CHANGE."

On June 6, 2024, SHARP advised this writer that he had been laid off from his job approximately two weeks prior, and never reported it. As of the date of this report, SHARP remains unemployed.

**8**      **Violation of Standard Condition No. 8:** "YOU MUST NOT COMMUNICATE OR INTERACT WITH SOMEONE YOU KNOW IS ENGAGED IN CRIMINAL ACTIVITY. IF YOU KNOW SOMEONE HAS BEEN CONVICTED OF A FELONY, YOU MUST NOT KNOWINGLY COMMUNICATE OR INTERACT WITH THAT PERSON WIHTOUT FIRST GETTING THE PERMISSION OF THE PROBATION OFFICER."

As noted above in Violation No. 1, SHARP was in the presence of Erich Allen Kuhns. A criminal record check revealed that Kuhns has a lengthy criminal history and has prior felony convictions for Weapons- Carrying Concealed and Motor Vehicle- Unlawful Use. Per SHARP's own admission, he reported that Kuhns was a long-time friend to him that he had known for several years.

Further, this writer was advised by Canton Township Police Department on July 16, 2024, that on July 15, 2024, SHARP and Kuhns were both initially suspects of vehicle break-ins in the area, but they were ultimately cleared. SHARP was again in the company of Kuhns, after this writer advised him on June 6, 2024, that he was not permitted to be in his presence moving forward.

**9**      **Violation of Standard Condition No. 9:** "IF YOU ARE ARRESTED OR QUESTIONED BY A LAW ENFORCEMENT OFFICER, YOU MUST NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS."

SHARP failed to ever report any police contact to this writer as it pertains to the conduct listed in Violation No. 1 and Violation No. 6 of this report. Further, he again had police contact on July 15, 2024, in Canton Township (Michigan), and did not reach out to this writer.

| PROB 12C (Rev. 08/18) | **AMENDED VIOLATION REPORT PART 1: PETITION FOR WARRANT** | **U. S. Probation Office** Eastern District of Michigan | PACTS 5034613 | DATE 11/01/2024 |
|---|---|---|---|---|
| NAME SHARP, James Glenn | | OFFICER Chelsea L. Harris | JUDGE Sean F. Cox | DOCKET # 18-CR-20075-02 |

| 10 | **Violation of Special Condition:** "YOU MUST RESIDE IN A RESIDENTIAL REENTRY CENTER (RRC) FOR UP TO 180 DAYS. YOU MUST FOLLOW THE RULES AND REGULATIONS OF THE CENTER. SUBSISTENCE IS WAIVED. WHILE AT THE RRC, YOU SHALL BE ALLOWED TO EARN SOCIAL TIME, IF YOU ARE IN COMPLIANCE WITH ALL FACILITY CRITERIA AND PROBATIONARY STANDARDS." |
|---|---|
| | Following the office visit on June 6, 2024, SHARP agreed to placement at the RRC. This writer provided him the opportunity to get clean, have adequate housing, to re-enroll in dual diagnosis treatment, and to become employed again full-time. Your Honor signed a 12B/Modification on June 26, 2024, ordering SHARP for RRC placement. This writer obtained a bed date for SHARP on June 27, 2024, which was set for July 9, 2024. This writer made numerous attempts to notify SHARP of his bed date, however, his phone was shut off and he failed to ever reply. Therefore, this writer sent a letter to SHARP's last known residence in Dexter (Michigan) with reporting instructions. On July 9, 2024, the woman who resided at the home in Dexter contacted this writer confirming she'd received the letter, but that SHARP had left her home several weeks prior. She stated she may be able to relay the message to SHARP through a "mutual friend" and would stress the importance of him reporting to the RRC on July 9, 2024. SHARP later sent this writer a text message from an unknown number on July 9, 2024, alleging he would be going to the RRC this date, but he failed to do so. The following day, on July 10, 2024, SHARP again sent this writer a text message from an unknown number stating he was going to report to the RRC that day. This writer informed SHARP that a warrant was going to be issued, and he is not permitted to show up to the RRC on his own accord, per the site director's instructions. As of the date of this report, SHARP has not contacted this writer. His phone number is unknown, his address is unknown, and he his whereabouts remain unknown. He has absconded from supervision. |

| I declare under penalty of perjury that the foregoing is true and correct. **PROBATION OFFICER** s/Chelsea L. Harris/mt/djl (313) 234-5450 | **DISTRIBUTION** Court |
|---|---|
| **SUPERVISING PROBATION OFFICER** s/Jeffry W. Konal (313) 234-5407 | **PROBATION ROUTING** Data Entry |

| PROB 12C (Rev. 08/18) | **AMENDED VIOLATION REPORT** <br> **PART 1:  PETITION FOR WARRANT** | **U. S. Probation Office** <br> Eastern District of Michigan | PACTS <br> 5034613 | DATE <br> 11/01/2024 |
|---|---|---|---|---|
| **NAME** <br> SHARP, James Glenn | | **OFFICER** <br> Chelsea L. Harris | **JUDGE** <br> Sean F. Cox | **DOCKET #** <br> 18-CR-20075-02 |

**THE COURT ORDERS:**

[ X ]   The Above Changes as an Amendment to the Petition Filed on July 23, 2024.

[  ]   Other

s/Sean F. Cox
Chief United States District Judge

11/13/2024
Date

Page **7** of **7**